IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

Clerk, U.S. District Court
Southern District of Texas
FILED

MAY 2 1 2012

David J. Bradley, Clerk of Court

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

Teddy Norris Grey Hawk Davis # 807688
Plaintiff's name and ID Number

William G. McConnell Prison Unit
Place of Confinement

CASE NO: _____
(Clerk will assign the number)

v.
RICK C. THALER (DIRECTOR of TDCJ - ID )
P.O. Box 99 Huntsville, Texas. 77342

Defendant's name and address
Billy Pierce (DIRECTOR of CHAPLAINCY DEPARTMENT)
2503 Lake Rd. Suite 19 Huntsville, Texas. 77340

Defendant's name and address
ED Hernandez   (CONTRACT NATIVE AMERICAN CHAPLAIN)

Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I. PREVIOUS LAWSUITS:**

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?    __X__ YES    _____ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: __JULY 02, 2002__

2. Parties to previous lawsuit:
   Plaintiff(s): __Teddy Norris Grey Hawk Davis__

   Defendant(s): __Warden Thomas J. Prasifka et al__

3. Court (If federal, name the district; if state, name the county) __USDC Southern District, Corpus Christi Division__

4. Docket Number: __Cause # C-02300__

5. Name of judge to whom case was assigned: __Honorable B. Janice Ellington (USMJ)__

6. Disposition: (Was the case dismissed, appealed, still pending?)
   __DISMISSED__

7. Approximate date of disposition: __July 16, 2003 or after__

**II. PLACE OF PRESENT CONFINEMENT:** William G. McConnell Prison Unit

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution?  __X__  YES  ____  NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: Teddy Norris Grey Hawk Davis # 807688
   3001 South Emily Drive Beeville, Texas. 78102 - 8583

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Richard C. Thaler (Director of TDCJ - ID)
P.O. Box 99 HUNTSVILLE, TEXAS. 77342
Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
He is denying me my First Amendment rights garanteed by the U.S. Constitution

Defendant #2: Billy Pierce (Director of Chaplaincy Department)
2503 Lake Rd. Suite 19 HUNTSVILLE, TEXAS. 77340
Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
He is denying me my First Amendment rights garanteed by the U.S. Constitution

Defendant #3: ED Hernandez (Contract Native American chaplain)

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
He is denying me my First Amendment rights garanteed bt the U.S. Constitution

Defendant #4: JONES (McConnell Unit Chaplain)
3001 South Emily Drive Beeville, Texas. 78102 - 8583
Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
he is denying me my First Amendment rights garanteed by the U.S. Constitution

Defendant #5: William Stephens (Deputy Director of Prison and Jail Operations)
P.O. Box 99 Huntsville, Texas. 77342
Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
He is denying me my First Amendment rights garanteed by the U.S. Constitution

**V. STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal argument or cite any cases of statutes</u>. If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

   Please see attached document of comlpaint (Pg. 1 & 2)

**VI. RELIEF:** State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

   Please see attachment requesting relief (Pg. 3)

**VII. GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

   Teddy Norris Davis / Teddy Norris Grey Hawk Davis / Grey Hawk / Cetan Hota / Ted Davis

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

   TDC# 323084 / TDC# 512364 / TDC# 807688/

**VIII. SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES _x_ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)
   1. Court that imposed sanctions (If federal, give district and division): _____
   2. Case Number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES __x__ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning were imposed: _____


Executed on: _____          _____
             (Date)                     (Printed Name)

                                        _____
                                        (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __15__ day of __MAY__, 20_12_.
            (Day)          (Month)        (Year)


                                    Teddy Norris Grey Hawk Davis
                                    (Printed Name)

                                    _Teddy D. Davis_
                                    (Signature of Plaintiff)


**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

ATTACHMENT TO COMPLAINT UNDER 42 U.S.C. § 1983

The aforementioned individuals are denying and restricting me the exercise of my religion (way of life), I am being denied consistant and meaningful access to the practice of my religion, which is in violation of 42 U.S.C. §1983 by virtue of the defendant's infringment of the plaintiff's rights under the first amendment to the United States Constitution; and violation of 42 U.S.C. § 2000 cc-1, the religious land use and institutionalized persons act (RLUIPA).

Richard C. Thaler (Director of TDCJ-ID) is named as "respondant superior" in the foregoing claim, although Bill Pierce, Chaplain Jones, and Ed Hernandez are employees under direct super-vision of respondant superior, and are responsible as chaplains to ensure that plaintiff's religious requirements are met. Because of the deliberate indifference of the aforementioned defendants in refusing to hire sufficient numbers of native american chaplains to provide adequate and regular amounts of ceremonies, set forth by A.D. 07.30, to sufficiently meet the plaintiff's religious needs, and also by enforcing rules and regulations that restrict plaintiff from his constitutionally protected rights to practice his religion( way of life) in the least restrictive means necessary.

1.). The first issue deals with the inadequate amount of ceremonies that plaintiff is recieving. There are(12) Twelve Native American Designated units in TDCJ - ID, but only (3) three designated Native American chaplains to supervise the ceremonies. There has been a shortage of Native American chaplains for some period now. At one time there were only one(1) Native American contract chaplain, but even then plaintiff was being denied access to regular ceremonies.

Bill Pierce, as director of chaplaincy operations for TDCJ - ID is responsible for the hiring of chaplains to administer to the spiritual needs of all inmates in TDCJ - ID. he has been aware of the on going need for Native American chaplains,and/or native american volunteers,to fulfill these ongoing needs for quite sometime now, but has done nothing to hire or procure the service of volunteers to do this. He has shown deliberate indifference to plaintiff's needs, and has stated plainly that he is not concerned, specifically that "as far as he is concerned, we get more ceremonies than he would allow us if he had a choice".

Ed Hernandez is named as a defendant, because he has been elected the position by the chaplaincy department to verify applicants as qualified as native americans to supervise these ceremonies. Ed Hernandez has unfortunately been dumped a load of crap that he knows nothing about, from our last native american contract chaplain. He knows according to our most up dated A.D.'s 2009 , we are still allowed to have our traditional pipe ceremony to were we can inhale the smoke from the ceremonial pipe. TDCJ administation is telling the native community that we can no longer partake of the pipe ceremony as it states in our policies because of some law suit that was filed do to a person getting herpes from smoking off the pipe after another person. Both Billy Pierce anr Ed Hernandez are continuing to show deliberate indifference and violate my rights to practice my religiog (way of life) by denying plaintiff meaningful acess to his religion (way of life).

2.) The second issue deals with TDCJ - ID having and enforcing rules that deny plaintiff the ability to practice his religion(way of life) in the least restrictive means necessary. In the chaplaincy manual it states that Native American prisoners are allowed to posess medicine bags, but are only allowed to wear them " to and from ceremony".

The medicine bag is a very important aspect to the practice, or the following of plaintiffs religion (way of life ). A person is given their "medicine" from the"creator" and is used to ward off negative or destructive energy that is brought around the person wearing the medicine bag. It is also a reminder of our connection to all of the sacred creation, and helps guide us on our sacred walk each day. It is a consecrated item and should be worn at all times.

By enforcing rules and regulations in the chaplaincy manual, both Bill Pierce and chaplain jones are violating plaintiff's rights to practice his religiog in a least restrictive means. This is a continuing violation to the plaintiff's constitutional first amendment rights.

(1)

3.) The third and last issue also deals with TDCJ - ID having and enforcing rules and regulations that restrict and deny the plaintiff to practice his religion (way of life) in the least restrictive means necessary. TDCJ - ID rules and regulations, state per A.D 07.30 in the offender orientation handbook, A.D. 3.83. TDCJ grooming standards are to be enforced with no exemption based on religious belief. It states "male offenders must keep their hair trimmed up the back of their neck and head. Hair must be neatly cut. Hair must be cut around the ears".

There is no rule for a female offender to keep their hair cut up the back of their neck and head, and they are allowed to grow their hair to the middle of their backs. Thats in violation of their own policies and is sexual discrimination and an equal rights violation as well. policies state that an offender who is in violation of these grooming policies are subject to be punished by one or more means such as : loosing good time, line class, and possibly placed into segregated confinement. ( Native American/Non - Native American women both have long hair).

This therefore shows it is a forced requirement, and has no exemptions, unless you are a female offender, and thus being a first amendment violation of my constitutional rights. Plaintiff can show that there is a least restrictive means to allow him to grow his hair to meet his required needs without compromising TDCJ - ID security, or being able to hide contraband, by allowing him to grow a couplock(kouplock) which is a one inch square section of hair at the base of the skull. The continual enforcement of this rule by TDCJ - ID officers who are under direct supervision of Richard C. Thaler, named as respondant superior,

The united states district court for the southern district of Texas recieved a case that was remanded back to them from the fifth circuit stating the TDCJ - ID grooming standards are a substantial burden to the Native American religious sect. The case was Odneal vs. Pierce docket / case # 2:04 - cv - 00454  / also the fifth circuit case # is # 06 - 41165  April 03, 2009. it was remanded back for further proceedings to rule on the least restrictive means but was not ruled on by judge at trial . A plea bargain was met and the case was terminated. TDCJ - ID has no intention of allowing anyone to have any grooming standard exemptions to their policies. TDCJ told judge Brian L. Owsley they never plan on approving a least restritive means to work out the constitutional violations that are continuiuosly accuring every day due to religious grooming exemptions.

# ATTACHMENT REQUESTING RELIEF

Plaintiff seeks a Declaratory Judgement, and Injunction for TDCJ - ID to hire more Native American chaplains to supervise the ceremonies to meet his required needs on the (12) designated Native American Units. Plaintiff also seeks an Injunction for TDCJ - ID to allow Plaintiff to have his ceremonies with security personal, until Native American Supervisors can be hired to supervise these ceremonies.

Plaintiff seeks a declratory judgement, and injunction for TDCJ - ID to allow plaintiff to groe his hair, or allow him to grow a couplock(Kouplock) as an alternative to growing his full head of hair. Plaintiff also request that if he wins this lawsuit that the Defendants pay for any and all court expences, lawyers fees, filing fees, and etc.. for the intire law suit.

(3)

TEDDY NORRIS GREY HAWK DAVIS
TDCJ # 807688
William G. McConnell
3001 South Emily Drive
Beeville, Texas. 78102 - 8583

UNITED STATES DISTRICT COURT
For the Southern District of Texas
1133 North Shoreline Blvd.
Corpus Christi, Texas. 78401

Clerk, U.S. District Court
Southern District of Texas
FILED
MAY 21 2012
David J. Bradley, Clerk of Court

SAN ANTONIO TX 782 ZIP
THU 17 MAY 2012 PM

USA FIRST-CLASS FOREVER