**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **TEDDY NORRIS GREY HAWK DAVIS,** | § | |
| **ET AL.,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CASE NO. 2:12cv166** |
| | § | |
| **RICK THALER, ET AL.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate assigned to the McConnell Unit of TDCJ-CID. He alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc, *et seq.,* as well as his First Amendment Right to practice his Native American faith (D.E. 1). Pending is plaintiff's motion for appointment of counsel (D.E. 4).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. The case is fairly simple. Plaintiff seeks monetary damages and injunctive relief because he is unable to wear a kouplock, participate in traditional pipe ceremonies, and carry his medicine pouch at all times. An evidentiary hearing was held on June 21, 2012, and his claims will likely be retained and service of process ordered. Though serious, at this stage of the case plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. He is aware of the law, and has assisted another inmate in the prosecution of similar claims previously. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. The case has not been set for trial; in fact service of process has not yet been ordered.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee

2

arrangement.  Plaintiff's motion for appointment of counsel (D.E. 4) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds, particularly if the case is scheduled for trial.

ORDERED this 22nd day of June, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE