IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TEDDY NORRIS DAVIS, § | |
| ET AL., § | |
|       Plaintiffs § | |
| § | |
| v. § | CASE NO. 2:12cv166 |
| § | |
| RICK THALER, ET AL., § | |
|       Defendants. § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Davis is an inmate assigned to the McConnell Unit of TDCJ-CID. He alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc, *et seq.,* as well as his First Amendment Right to practice his Native American faith (D.E. 1). Pending is plaintiff Davis's[1] second motion for appointment of counsel (D.E. 43).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to

---

[1] Plaintiff Davis has been warned in numerous orders and during a telephone conference call that he cannot file motions on behalf of plaintiff Goodman because Davis is not a lawyer and cannot represent plaintiff Goodman. Plaintiff Goodman must either sign the motion, or he must file his own motion. If plaintiff Davis files another pleading on behalf of plaintiff Goodman without the signature of Goodman on the pleading, sanctions will be ordered. The sanctions may include striking of pleadings and monetary sanctions, and if plaintiff continues to disregard orders of the court, he may face dismissal of his lawsuit.

a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. The case is fairly simple. Plaintiff seeks monetary damages and injunctive relief because he is unable to wear a kouplock, participate in traditional pipe ceremonies, and carry his medicine pouch at all times. An evidentiary hearing was held on June 21, 2012, and his claims were retained and service of process ordered. Though serious, at this stage of the case plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. He is aware of the law, and has assisted another inmate in the prosecution of similar claims previously. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. The case has not been set for trial; in fact a deadline for dispositive motions has not yet been set.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and

equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 43) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds, particularly if the case is scheduled for trial.

ORDERED this 2nd day of October, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE