IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEDDY NORRIS DAVIS, ET AL., | § | |
| Plaintiffs, | § | |
| v. | § | CAUSE NO. 2:12-cv-166 |
| | § | |
| RICK THALER, ET AL., | § | |
| Defendants. | § | |

### OPINION AND ORDER GRANTING DEFENDANT'S
### MOTION FOR RULE 7(a) REPLY

Pending is defendant Madeline Ortiz's motion for Rule 7(a) reply (D.E. 52); neither of the two plaintiffs has filed an objection to the motion.[1] For the reasons stated herein, Ms. Ortiz's Rule 7(a) motion is granted. Plaintiff s are ordered to answer the questions set forth herein within thirty (30) days of the date of entry of this Order and to serve a copy on Ms. Ortiz.

### I. Background

In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, plaintiffs Teddy Norris Davis and Robbie Dow Goodman allege that defendants have violated, and continue to violate, their right to practice their Native American religion, in violation of provisions of the Religious Land Use and Institutionalized Persons Act ("RLUPIA"), 42 U.S.C. § 2000cc, and the First Amendment. Plaintiffs seek injunctive and declaratory relief from the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") to: (1) hire more Native American chaplains; (2) have security personnel available to supervise the

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Native American religious ceremonies until such time that more Native American chaplains can be hired; (3) allow plaintiffs to grow their hair or allow them to grow a kouplock; (4) smoke the ceremonial pipe at pipe ceremonies; (5) wear their medicine bags at all times; (6) damages for violations of their First Amendment rights; and (7) and court costs. (See D.E. 1, 16).

Plaintiffs have sued Ms. Ortiz in both her individual and official capacities. (D.E. 16 at 2). Plaintiffs identify Ms. Ortiz as the Director of Rehabilitative Programs for the TDCJ, and claim that the Chaplaincy Department falls under her supervision. Plaintiffs contend that she approved the decision to prohibit traditional pipe ceremonies, in conflict with McConnell Unit policy, and in violation of RLUIPA and the First Amendment. Plaintiff Davis also testified that he wrote letters to Ms. Ortiz concerning the pipe ceremonies, but that she did not answer his inquiries and simply forwarded them to defendant Clint Morris. (See D.E. 26, June 21, 2012 Evidentiary Hearing Transcript at p. 31, line 8 - p. 32, line 10).

On August 27, 2012, Madeline Ortiz filed her answer and raised the defense of qualified immunity. (D.E. 30).

## II.  Rule 7(a) Request

In her request for a Rule 7(a) reply, Madeline Ortiz points out that, except for plaintiff Davis's brief testimony at the evidentiary hearing, neither Davis nor Goodman has stated with any specificity in either the original or amended complaint any facts that explain what acts or omissions of Madeline Ortiz in her individual capacity violated plaintiffs' First Amendment rights. Indeed, Ms. Ortiz contends that plaintiffs' claims against her arise solely

from her supervisory role in the TDCJ, which fails to state a cognizable § 1983 claim. See Monell v. Department of Social Services, 436 U.S. 658, 690-92 (1978) (section 1983 will not support a claim based on *respondeat superior* or vicarious liability.").

### III. Discussion

Rule 7(a) of the Federal Rules of Civil Procedure authorizes the district court to "order a reply to an answer." The Fifth Circuit has held *en banc* that an individual defendant who pleads immunity to a federal civil action is entitled to have the plaintiff ordered to reply under Rule 7. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (*en banc*). The Schultea Court stated:

> Such an order will require the Plaintiff to reply to that [immunity] defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations... . [The] Plaintiff [must] support his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendant's conduct at the time of the alleged acts.

Id., 47 F.3d at 1434. "A plaintiff cannot overcome a qualified immunity defense with mere conclusory allegations [but] must plead specific facts with sufficient particularity ... to negate the defense of qualified immunity." Burns-Toole v. Byrne, 11 F.3d 1270, 1274, cert. denied, 512 U.S. 1207 (1994) (citing Elliott v. Perez, 751 F.2d 1472, 1479, 1482 (5th Cir. 1985)).

The Fifth Circuit continues to require that plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999). That is, in order to survive, § 1983 actions against defendants in their individual capacities "must

be pled with factual detail and particularity, not mere conclusory allegations." Id.

Ms. Ortiz has raised the defense of qualified immunity. (D.E. 30). She argues that, encompassed within this defense, is the right to be informed of the allegations against her in a fact- specific way. As it stands now, plaintiffs have failed to identify any specific date, time, or place in which Ms. Ortiz personally denied either plaintiff the right to practice his religion. So that Ms. Ortiz might properly respond to plaintiffs' allegations, plaintiffs are each hereby ORDERED to answer the following questions **within thirty (30) days of the date of entry of this Order:**

    (1)    List all dates (and times, if available) that you personally met with Ms. Ortiz regarding any aspect of the practice of your Native American beliefs, including pipe ceremonies, kouplocks, possession of medicine bags, and chaplain availability. Describe the meetings with as much detail as you can remember, such as if you were in your cell, or her office. Were other inmates around that can confirm the conversation took place?

    (2)    List all dates that you corresponded with Ms. Ortiz, via letter, grievances, I-60s, or any other manner concerning the practice of your Native American religion. Submit a copy of the correspondence if available, and if not, describe the nature of the communication. Describe any response you received from Ms. Ortiz or any other prison official.

    (3)    In what manner do you believe Ms. Ortiz acted unreasonably regarding your First Amendment rights? What actions do you believe she should have taken?

Label your pleading "Rule 7(a) Reply." In addition, include the following declaration at the end of your reply. "I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. See 28 U.S.C. § 1746." The declaration must be dated and signed, and each plaintiff must submit his own individual Rule 7(a) reply.

In lieu of complying with this order, should either plaintiff desire to dismiss his First Amendment claims against Madeline Ortiz in her individual capacity, he may sign and return the attached motion for voluntary dismissal.

ORDERED this 15th day of November, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEDDY NORRIS DAVIS, ET AL., § | | |
| Plaintiffs, § | | |
| v. § | | CAUSE NO. 2:12-cv-166 |
| § | | |
| RICK THALER, ET AL., § | | |
| Defendants. § | | |

## MOTION FOR VOLUNTARY DISMISSAL

I, (circle one) **Teddy Norris Davis** / **Robbie Dow Goodman**, a plaintiff herein, seek voluntary dismissal of my First Amendment claims against Madeline Ortiz in her individual capacity pursuant to Rule 41(a)(2), Fed. R. Civ. P., because I do not want to prosecute these claims against her.  I understand that this is a dismissal with prejudice.

_____
Plaintiff

_____
Date