IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEDDY NORRIS DAVIS and<br>ROBBIE DOW GOODMAN,<br><br>Plaintiffs,<br><br>v.<br><br>RICK THALER, ET AL.,<br><br>Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 2:12-CV-00166 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION ON DEFENDANT CLINT MORRIS' MOTION TO DISMISS

Before the Court is Defendant Clint Morris' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). (D.E. 51.) United States Magistrate Judge B. Janice Ellington issued a memorandum and recommendation to the Court in which she recommends that the Court grant in part and deny in part Morris' motion to dismiss. (D.E. 65.) Defendant Clint Morris (Morris) timely objected to the Magistrate Judge's memorandum and recommendation. (D.E. 74.) Morris is entitled to a de novo disposition by the District Judge of those portions of the Magistrate Judge's memorandum and recommendation to which timely objections were filed. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Morris objects that the memorandum and recommendation promotes an improper theory of liability based on *respondeat superior*. (D.E. 74 at 3.) Morris asserts that Plaintiffs' complaint and response do not state a claim for the deprivation of a constitutional right, and the Magistrate Judge improperly recommends that the Court retain Plaintiffs' First Amendment claim based on vicarious liability. (*Id.* at 2.) Morris argues that the only allegations against him are that he

recruited and supervised the volunteer chaplains, who refused to perform the traditional Native American pipe ceremonies. (*Id.* at 2–3.) Morris argues that he is therefore entitled to qualified immunity because Plaintiffs were required to show that Morris was personally involved in a constitutional violation or in the creation of a policy that caused a constitutional injury, and Plaintiffs complaint merely alleges that he failed to recruit qualified volunteer chaplains. (*Id.* at 4.) The Court disagrees with Morris' interpretation of the memorandum and recommendation and Plaintiffs' factual allegations.

Morris narrowly focuses on the factual allegations and arguments set forth in Plaintiffs' complaint and response to the motion to dismiss, arguing that Plaintiffs failed to show that Morris was personally involved in any constitutional violation or the creation or implementation of an unconstitutional policy. However, a pro se prisoner's civil rights complaint must be construed liberally, and any relevant factual allegations set forth at the *Spears* hearing may be incorporated into the complaint. *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996). The *Spears* hearing permits the magistrate judge to dig beneath the pro se prisoner's complaint to ascertain whether there exists a factual and legal basis for the claims. *See Davis v. Scott*, 157 F.3d 1003, 1005–06 (5th Cir. 1998) ("the *Spears* procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners"); *Lowrey v. Collin County Sheriff's Dept.*, No. 93-5081, 1994 WL 35601, at *2 (5th Cir. Jan. 26, 1994) (unpublished); *Spears v. McCotter*, 766 F.2d at 181–82 (5th Cir. 1985) ("We see no reason why a district court may not . . . refer the case to a magistrate to hold an evidentiary hearing 'in the nature of a motion for more definite statement' ").

During the *Spears* hearing before the Magistrate Judge on June 21, 2013, Plaintiff Teddy Norris Davis (Davis) alleged that Defendants Billy Pierce and Morris are the ones that had the

final say about the pipe ceremonies. (D.E. 26 at 22.) Davis stated that Morris "is the one that actually ceased the pipe ceremonies." (*Id.* at 24.) Davis alleged that prison policy required that inmates be allowed one pipe ceremony per week, but the chaplains were ordered not to perform the traditional Native American pipe ceremony, wherein the inmates would inhale the smoke and prayers from the pipe and then release them to the Creator. (*Id.* at 14–15, 19–20.) Davis alleged that the chaplains were only permitted to do a teaching ceremony where a pipe was present but not actually lit and smoked by the inmates. (*Id.* at 20.)

In her memorandum and recommendation, the Magistrate Judge sets forth the following factual allegations asserted by Davis at the *Spears* hearing: that Morris was responsible for developing the policies and procedures that governed the Native American religious programs at the prison; that Morris failed to use his position to assist inmates in the practice of their faith; and that Morris' failure to develop and implement appropriate policies effectively denied Plaintiffs of their constitutional right to practice their religion. (D.E. 65 at 2, 7.) Additionally, the Magistrate Judge indicates that Morris assisted in the creation of a new policy at the prison prohibiting pipe ceremonies, which took effect in 2012. (*Id.* at 8.) The Magistrate Judge concludes that Plaintiffs have alleged sufficient facts that, if taken as true, state a First Amendment claim for the denial of the inmates' constitutional right to freedom of religion. (*Id.*) The Court agrees. Morris' objections to the Magistrate Judge's memorandum and recommendation are OVERRULED.

Having reviewed the findings of facts, conclusions of law, and recommendations set forth in the Magistrate Judge's memorandum and recommendation (D.E. 65); Plaintiffs' complaint (D.E. 1); the transcript of the *Spears* hearing (D.E. 26); and all other relevant documents in the record, the Court ADOPTS as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Defendant Clint Morris' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) (D.E. 51) is GRANTED IN PART and DENIED IN PART.

ORDERED this 7th day of January 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE