Clerk, U.S. District Court
Southern District of Texas
FILED

FEB 11 2013

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TEDDY NORRIS DAVIS, ET AL., <br> PLAINTIFFS <br><br> VS. <br><br> RICK THALER, ET AL., <br> DEFENDANTS. | § <br> § <br> § <br> § CIVIL ACTION NO. 2:12-CV-00166 <br> § <br> § <br> § <br> § <br> § |

PLAINTIFFS
MOTION TO AMEND COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Teddy Norris Davis and Robbie Dow Goodman, Pro Se Plaintiffs' in the above and numbered cause and files this, Plaintiffs' Motion to amend complaint pursuant to rules 15(a) and 19(a) Fed.R.Civ.P. and in support thereof the following is shown:

I. STATEMENT OF THE CASE

On the 21st day of May, 2012 Plaintiff Davis originally filed his Civil Rights Complaint, pursuant to 42 U.S.C. § 1983, against the , TDCJ Director Rick Thaler, TDCJ Director of chaplaincy, Billy Pierce, Native American contract chaplain ,Ed Hernandez; Chaplain of the McConnell Unit, Santos Jones; and Deputy Director for Prison and Jail Operations, William Stephens (D.E.11, at pg. 3 of 5). Each to have deprived Plaintiff Davis of: (1) Traditional Pipe Ceremonies, due to lack of Native American Chaplains; (2) not being allowed to wear his medicine bag at all times; and (3) not allowing him to grow his hair long or in a kouplock. (D.E.1, at pg. 6-9). Thus violating Plantiffs right to exercise his (religious) Traditional beliefs under the First Amendment to the United States Constitution, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc., seeking Injunctive and Declaratory

(1)

relief by having TDCJ : (1) Hire more Native American Chaplains or allow Plaintiff to have his ceremonies with security personel; (2) allow Plaintiff to grow his hair long or have a kouplock as an alternative, and (3) That the Defendants pay for all court cost.[1]

An evidentiary hearing was conducted by the magistrate Judge, B. Janice Ellington, on the 21st day of June, 2012 by telephone conference.[2] Where, inter-alia, Plaintiff Robbie Dow Goodman was included in this suit, and Jones (D.E.!¢.AT PG.1,#1, #3). Whereas by the reccomendation of the Magistrate Judge, **Plaintiff** Davis Included, Clint Morris, Madeline Ortiz, and Shawna Mitchell, each in their individual and official capacities; with the understanding that Plantiff would be able to amend any defects that may cause injury to his claim by the way each person was included to his complaint, in addition to monetary damages to his relief.[3] (D.E. 16, at pg. 2,#4).

II  PLAINTIFF DAVIS AND GOODMANS' REASON TO AMEND

Plaintiff Davis and Goodman Pro-Se file their Motion to Amend for the following reasons:

Plaintiff Davis and Goodman wish to amend their complaint showing that the July 2012 New Policy(for the Native Americans) is unconstitutional and violates the Relgious Land Use and Institutionalized Persons Act(RLUIPA) by prohibiting them the right ot practice their traditional beliefs and practices as afforded by the First Amendment of the United States Constitution. The Defendants named in this suit are denying the Plaintiffs their god given right to pray with the most sacred object given to them by the great spirit.

---

1) Plaintiff Davis inadvertently omitted, as part of his Injunctive and declaratory relief the right to wear his medicine bag at all times.
2) Plaintiff Robbie Dow Goodman was not part of the evidentiary hearing.
3) Plantiffs don't have the access to the evidentiary hearing transcripts so they can not point to any portion of the record for this Honorable Judge.

Prison officials may not interfere with prisoner's exercise of First Amendment rights unless the interference is reasonably related to a legitimate penal interest. Prison officials must afford prisoners opportunities to exercise their religious freedom.(see CRUZ VS. BETO ,405 U.S. 319,322 & n.2 (1972)(per curiam). also see: O LONE VS. ESTATE OF SHABAZZ,482 U.S. 342, 349-53(1987), also CUTTER VS. WILKINSON, 544 U.S. 709, 722-23(2005) (Holding that Religious Land Use and INstitutionalized Persons Act prohibits government from placing substantial burden on prisoner's religious exercise except to further compelling governmental interests such as order and safety.) Remembering that a prisoner claiming a violation of the right to religious freedom must establish that his or her beliefs are sincere and religious in nature. In Plaintiffs suit it has already been established that his beliefs are very sincere and that he has been an active member of his assigned unit Native American Circle since it started in May of 1999. Plaintiff can further more show the courts that he was an active member of his religious faith from 1986 up till his incarceration. Texas Department of Criminal Justice is aware that the Pipe ceremony is a recognized Native American belief and Practice and has been for thousands of years. This is why the Federal Prisons allow their Native American Inmates to do them daily where as the Texas State prisons wish to do away with it permanately. The federal Prisons know it is a First Amendment violation of their constitutional rights to deny the Native Americans the right to do Pipe Ceremonies. All Federal Prisons throughout the United States allow Native Americans their Pipe Ceremonies Daily. The Question is why don't the Texas Prison system allow it as well, and why are they banning traditional Pipe Ceremonies where the inmate cannot smoke and release their own prayers to the great spirit as afforded in TDCJ for the past 16 years in their prison setting. Why are they all of a sudden yelling that it is a security and health issue now when in fact they knew that allowing Native American inmates to share the pipe 16 years ago that the same issues were

there and acknowledged in their May 1996 TDCJ Native American policy(09.01) in which there were two(2) pages. On page one under "Management of the Ceremony" and now go to page two(2) #2 in which states the following:
In addition, only inmates who own an approved pipe and have tobacco,sage, sweetgrass or cedar to smoke, may do so. said items must be obtained through the approved process(see policy number 11.11,Pastorial care: Religious Devotional Items, Acquirement of). Inmates **may not share pipes or smoke/ tobacco products because of health related concerns.** Now lets move donw to #8. Each Native American inmate will be allowed to conduct the prayer pipe ceremony once a week for one(1) hour. No tobacca products, etc. are to be left in the area by the inmate(s) upon the close of the time allotted. An inmate will not be penalized for an insignificant amount of tobacca that may fall to the ground. #9 States that at the end of the allotted time, the chaplain will account for all pipes, etc., and return them to the Unit Chaplaincy Department office and stored in a place approved by the Unit Warden. Now if they allowed it in this policy then why can't we still have them under the same guidlines. TDCJ knew of the Health concerns in this policy and there were no security problems storing them from one ceremony to the next so what is the problem now ? In the New July 2012 TDCJ Native American policy which is the most active policy in affect now it states on page one(1) of the 09.01 two pages under IV The Pipe service shall be conducted by a qualified Native American chaplain or volunteer. Now see (C) Only the Native American chaplain/volunteer is authorized to smoke the pipe used for the PIPE services. No where in the intire new policy does it state the reason why policy was changed where the Native American inmates cannot smoke the sacred ceremonial Pipe anymore. Plaintiffs found out through a previous Native American lawsuit why the policy was changed. In the William Chance civil suit he wanted his own ceremonial pipe because he had hepatitis (C) and did not want to smoke the sacred community pipe and disrespect the others in the circle who smoke the pipe as well. Not that they would get the virus from the sacred prayer pipe,

(4)

from him smoking it with them. Now this brings me to the Joleene Yellowquill vs. Scott et,al. No.H-95-1080 (S.D. Tex. May 27, 1997) in that case, Judge Marcia Crone (a Magistrate) enjoined prison officials from prohibiting an inmate from participating in the sacred pipe ceremony. Although Yellowquill involved only one inmate, the settlement agreement in the case served as the basis for all of the policies regarding the practice of the Native American faith. See, eg., TDCJ chaplaincy Manual policy Numbers 09.01-09.04 from 1998 up to 2009 before TDCJ implemented their July 2012 Policy in which deletes the intire 09.03 in which was the policy on the pipe ceremonies. The resulting settlement agreement required TDCJ to provide sacred Pipe ceremonies **twice per month** with **personal prayer pipes for the congregants,** and smudging ceremonies as well. This TDCJ Native American Policy was the 1998(09.01-09.04) and it has been altered little by little over the years to what it is now, in which is not a traditional pipe ceremony. All TDCJ policies for the past 16 years show that the Native Americans were allowed to smoke the sacred pipe during their ceremonies up to the New Policy which is the July 2012 policy. It has come down to where TDCJ will not condone traditional pipe ceremonies anymore due to health issuse in which they knew about in May 1996, and the will not allow inmates to have their own prayer pipe to do thier prayers with as we were allowed to do in the May 1996 policy. TDCJ is not allowing any least restrictive means to allow the Native Americans to do their prayer pipe ceremonies traditionally as afforded to us by the First Amendment of the United Sates Constitution. TDCJ allows someone else to smoke the prayer pipe in our ceremonies in which they cannot release our prayers we put into the pipe ,but can only release their prayers for us on her behalf. This is not the traditional practices of the Native American people inside the prison walls nor outside the prison walls. Now if TDCJ is knowingly admitting to the court that they knew of the health concerns in 1996 that they are arguing as their reason why we cannot smoke the pipe now then they willingly and knowingly put my health and safety and life in danger by exsposing me to these

diseases for the past 16 years in which is another violation of my Constitutional rights. If this is the case then Plaintiffs might wish to amend their complaint again showing that TDCJ has put my life in danger of severe infectious diseases for the past 16 years. Not only has TDCJ been exposing the Plaintiffs of these diseases for the past 16 years but they have exposed the intire Native American community within all of TDCJ in which are over 4400 now. This could turn into a class action lawsuit or The Native American community could file their own lawsuit and make it a class action behind this new information. Be it as it may Plaintiffs would like to have their traditional pipe ceremonies given back to the Native American community throughout all TDCJ iwth their own personal prayer pipes to keep us from exposure to these diseases. TDCJ can't possibly be admitting to the District Courts that they have intentionally exposed all Native American inmates to these infectious diseases for the past 16 years.

### III  PRAYER

Wherefore, Premises Considered, Plaintiffs' respectfully pray that this Honorable Judge of said Court **GRANT** Plaintiffs "Motion To Amend Complaint" in its entirety pursuant to rules 15(a) and 19(a) of the Fed.R.Civ.P.

Respectfully Submitted,

_____
TEDDY NORRIS DAVIS # 807688

_____
ROBBIE DOW GOODMAN # 758386

### DECLARATION

I Davis and Goodman hereby declare under penalty of purjury that the foregoing is true and correct. Executed at Beeville, Texas on the 5th day of February 2013.

_____
TEDDY NORRIS DAVIS # 807688

_____
ROBBIE DOW GOODMAN # 758386

(6)

CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion To Amend has been served by placing the same in the U.S. mail First Class on the 5th day of February 2013 to the following:

CELAMINE CUNNIFF
ASST. ATT. GEN.
LAW. ENFOF. DEF. DIV.
P.O. BOX 12548
AUSTIN, TEXAS 78711

TEDDY NORRIS DAVIS # 807688

ROBBIE DOW GOODMAN # 758386