UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEDDY NORRIS DAVIS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-166 |
| | § | |
| BILLY PIERCE, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

Plaintiffs, proceeding *pro se* and *in forma pauperis*, are inmates incarcerated TDCJ-CID's McConnell Unit in Beeville, Texas. They filed this lawsuit pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, and the First Amendment, alleging that their right to practice their Native American faith is being violated by TDCJ-CID. Summary judgment in favor of Defendants was entered, and Plaintiffs have appealed (D.E. 158, 159, 161). Pending is Plaintiffs' motion for appointment of counsel on appeal (D.E. 178).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal

assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though serious, plaintiffs' allegations are not complex.

The second and third factors are whether the plaintiffs are in a position to adequately investigate and present their appeal. Plaintiffs' pleadings demonstrate that they are reasonably intelligent, articulate, and able to describe the facts underlying their claims. They appear, at this stage of the case, to be in a position to adequately investigate and present their appellate arguments.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is irrelevant, as Plaintiffs' claims were disposed of prior to trial. Plaintiffs claim to need an expert for purposes of their appeal, but the appeal must be decided on the record before the District Court, not new evidence from, as yet, unidentified experts. This factor weighs against appointment of counsel.

Plaintiffs have not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the

efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to prevailing plaintiffs. 42 U.S.C. § 1988. Plaintiffs are not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiffs' motion for appointment of counsel (D.E. 178) is denied without prejudice at this time.

ORDERED this 16th day of May, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE