Case 2:12-cv-00166 Document 197 Filed in TXSD on 07/26/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TEDDY NORRIS DAVIS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-166 |
| § | |
| CLINT MORRIS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Davis has moved for appointment of counsel (D.E. 193). The Fifth Circuit Court of Appeals affirmed in part and reversed in part the order granting summary judgment in favor of Defendants. An order for additional briefing and evidence was entered July 12, 2016 as to Plaintiffs' claims pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc (D.E. 192). The case has not yet been scheduled for trial.

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to

appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not overly complex. Only Plaintiff's RLUIPA claims remain for summary judgment and/or trial. At this summary judgment stage, Plaintiff's allegations are serious but not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. He has ably supported his claims before the Fifth Circuit Court of Appeals. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff Davis's motion for appointment of counsel (D.E. 193) is denied without prejudice at this time. This order will be *sua sponte*

reexamined if this case is scheduled for trial after the summary judgment phase of the case is completed.

    ORDERED this 26th day of July, 2016.

                                             _____
                                             B. JANICE ELLINGTON
                                             UNITED STATES MAGISTRATE JUDGE