UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBBIE DOW GOODMAN; <br> WILLIAM CASEY <br> RAYMOND COBB, <br><br> Plaintiffs, <br><br> v. <br><br> LORIE DAVIS, Director, TDCJ-CID, <br><br> Defendant. | Civil Action No. 2:12-CV-166 |

**PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

Plaintiffs Robbie Dow Goodman, William Casey, and Raymond Cobb bring this Consolidated Amended Complaint against Defendant Lorie Davis, Director, Correctional Institution Division, Texas Department of Criminal Justice ("TDCJ"), and allege as follows:

**PARTIES**

1. Plaintiff Robbie Dow Goodman is an incarcerated person, TDCJ identification number 758386, currently housed at the William G. McConnell Prison Unit.

2. Plaintiff William Casey is an incarcerated person, TDCJ identification number 683809, currently housed at the William G. McConnell Prison Unit.

3. Plaintiff Raymond Cobb is an incarcerated person, TDCJ identification number 1306425, currently housed at the William G. McConnell Prison Unit.

4. Defendant Lorie Davis is the Director of the Correctional Institution Division, Texas Department of Criminal Justice.

## JURISDICTION AND VENUE

5. This court has personal jurisdiction over the Defendant because the Defendant is a citizen of the forum and because Plaintiffs' claims arise from Defendant's acts or omissions in the forum.

6. This court has subject matter jurisdiction over this matter under 28 U.S.C. §1331 because Plaintiffs' claims arise under the Constitution, laws, or treaties of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims have occurred and continue to occur in this district.

## BACKGROUND

8. Plaintiffs are non-violent, low security risk inmates in the custody of the TDCJ.

9. Plaintiff Casey has been in the TDCJ's custody since 1994. He is of Cherokee descent. He has been in G2 custody (the second lowest security risk group status) throughout his time in custody. He has never participated in behavior that caused his custody status level to be increased, and has received only two minor disciplinary infractions in over fifteen years. Prior to his transfer to prison, Casey was incarcerated in a Texas jail that allowed inmates to have long hair. Casey had long hair during his time in jail.

10. Plaintiff Cobb has been in the TDCJ's custody since 1997. He was initially placed in G3 custody status, and his custody status was improved to G2 in March 2007. He has never participated in behavior that caused his custody status level to be increased, and has had only two minor disciplinary infractions in over twenty years of incarceration. Prior to his transfer to prison, Cobb was incarcerated in a Texas jail that allowed inmates to have long hair. Cobb had long hair during his time in jail.

11. Plaintiff Goodman has been in the TDCJ's custody since 1996. His custody level is G2. He has not participated in behavior that caused his custody status level to be increased in over a decade. Prior to his transfer to prison, Goodman was incarcerated in a Texas jail that allowed inmates to have long hair. Goodman had long hair during his time in jail.

12. Plaintiffs are sincere adherents and practitioners of traditional Native American religious beliefs. They regularly attend weekly meetings where they teach others that are new to the Native American faith, and meet monthly with visiting Native American chaplains to perform pipe ceremonies.

13. Plaintiffs sincerely believe that an important element of practicing their religion is to grow their hair long and to cut it only in times of mourning.

14. Defendant's current grooming policy, set forth below, requires Plaintiffs to cut their hair, seriously violating their religious beliefs and prohibiting their religious practice of wearing long hair:

> "Male offenders shall keep their hair trimmed up the back of their neck and head. Hair shall be neatly cut. Hair shall be cut around the ears. Sideburns shall not extend below the middle of the ears. No block style, afro, or shag haircuts shall be permitted. No fad or extreme hairstyles/haircuts are allowed. No mohawks, tails, or designs cut into the hair are allowed."

15. The policy makes no exception for male inmates who seek to wear long, unbraided hair on religious grounds. At the same time, the TDCJ allows for female inmates to wear their hair long. Male inmates in Texas are also allowed to wear their hair long while in the custody of the Texas jails. The vast majority of prison systems throughout the country allow male prisoners to have long hair.

16. Defendant's policy substantially burdens Plaintiffs' religious practice of wearing long hair. Defendant's policy requires them to engage in conduct that seriously violates their

religious beliefs because it requires them to cut their hair and prevents them from growing their hair long. Plaintiffs face serious disciplinary action if they refuse to cut their hair in contravention of the Defendant's policy. Among other things, these disciplinary charges can result in loss of privileges and adversely affect time-earning classifications and good time credits.

17. The TDCJ's current policy does not further any compelling governmental interest, nor is the policy for all male inmates the least restrictive alternative to accomplish any such interest.

## COUNT I[1]

18. Defendant's actions violate the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000-cc-1 ("RLUIPA").

19. Defendant's grooming policy is a substantial burden on the religious exercise of the Plaintiffs. Specifically, Defendant's policy seriously violates their sincerely held belief that they should not cut their hair and that their hair should be allowed to grow unrestricted in length.

20. Defendant's grooming policy does not further a compelling governmental interest.

21. Assuming that Defendant's policy did further a compelling governmental interest, the policy is not the least restrictive means of furthering any such interest.

## PRAYER

WHEREFORE, Plaintiffs seek the following relief:

    a.    an injunction ordering the Defendant to allow the Plaintiffs to grow their hair unrestricted in length;

---

[1] This Court previously granted summary judgment against Plaintiffs for claims under the First Amendment, the use of a medicine bag under RLUIPA, participating in a traditional pipe ceremony under RLUIPA, insufficient number of Native American chaplains under RLUIPA, insufficient number of Native American ceremonies under RLUIPA, and violation of religious beliefs under 42 U.S.C. § 1983, and dismissed those claims with prejudice. 2:12-CV-166, D.E. 231; 2:14-CV-13, D.E. 91; 2:14-CV-22, D.E. 38. Plaintiffs reserve all rights of appeal as to the dismissed claims and incorporate all allegations, factual and legal, related to those claims in their prior complaints, as if set forth in full. Plaintiffs acknowledge, however, that the procedural effect of the court's dismissal is that the dismissed claims will be not be included in the upcoming trial on the merits.

    b.    reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988(b).

    c.    all other relief, legal or equitable, to which the Plaintiffs are justly entitled.

Dated this 23rd day of July, 2018.

Respectfully submitted

YETTER COLEMAN LLP

/s/ Robert K. Ellis
Robert K. Ellis
Texas State Bar No. 24076367
Steven C. Messer
Texas State Bar No. 24092829
811 Main, Suite 4100
Houston, TX 77002
713.632.8000
713.632.8002 (F)
rellis@yettercoleman.com
smesser@yettercoleman.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2018, a copy of this Consolidated Amended Complaint was served on all counsel of record through the Court's Electronic Case Filing system.

/s/ Steven C. Messer
Steven C. Messer