UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBBIE DOW GOODMAN, WILLIAM CASEY, and RAYMOND COBB, <br><br> Plaintiffs, <br><br> v. <br><br> LORIE DAVIS, Director, TDCJ-CID, <br><br> Defendant. | Civil Action No. 2:12-CV-166 |

**PLAINTIFFS' BILL OF COSTS AND APPLICATION FOR FEES**

In accordance with Local Rule 54.2, Plaintiffs submit their bill of costs and application for attorney fees. Plaintiffs' bill of costs is attached as Exhibit 1. Plaintiffs respectfully ask the Court to grant their bill of costs and application for attorney fees.

**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

**Standard.** Under Federal Rule of Civil Procedure 54(d), a prevailing party may seek reimbursement of litigation costs enumerated in 28 U.S.C. §1920. *See Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 205 n.5 (5th Cir. 1995); s*ee also Schwarz v. Foloder*, 767 F.2d 125, 131 (5th Cir. 1985). A party prevails when it has "succeeded on any significant issue in the litigation which achieved some benefit the parties sought in bringing suit." *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 791-792 (1989). Under 28 U.S.C. §1920, the following categories of recoverable costs may be taxed against the non-prevailing party:

    (1)    fees of the clerk and marshal;
    (2)    fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)    fees and disbursements for printing and witnesses;
    (4)    fees for copies of papers necessarily obtained for use in the case;
    (5)    docket fees;
    (6)    compensation of court appointed experts, compensation for interpreters, and costs of special interpretation services.

An item sought need not be expressly listed in §1920 to be recoverable as costs. *See Chenault v. Dorel Indus., Inc.*, 2010 WL 3064007, at *1 (W.D. Tex. 2010). An award of costs is reviewed for an abuse of discretion. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995).

**Trial Transcripts and Printing.** As shown in the Bill of Costs, Plaintiffs seek $811.20 in costs for trial transcripts. These transcripts were obtained so that Plaintiffs could prepare post-trial briefing. Messer Decl. ¶11. Plaintiffs also seek $1,886.52 in costs for printing. *Id*. ¶12. These costs were incurred printing documents for use in this case, including for use at trial. *Id*.

**Deposition Costs.** Pursuant to §1920, a prevailing party may seek recovery for the costs of deposition transcripts if necessarily obtained for use in trial. The transcripts do not have to be introduced into evidence at trial to meet this requirement. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *Krohn v. David Powers Homes, Inc.*, 2009 WL 2605284, *4 (S.D. Tex. 2009). A prevailing party may recover fees for electronically recorded depositions, including videotaped transcripts. *S & D Trading Academy, LLC v. AAFIS Inc.*, 336 Fed. Appx 443 (5th Cir. 2009).

Plaintiffs seek reimbursement for the print and video transcripts of the depositions of defense witnesses Melodyne Nelson, Gene Miller, Dr. Michael Rutledge, Ronald Angelone, and John Werner and Plaintiff witness Joan Palmateer, all of whom testified at trial. Plaintiffs used the transcripts of these depositions to prepare for direct and cross examination of witnesses at trial and

to impeach witnesses at trial. Messer Decl. ¶10. The total cost of these deposition transcripts is $7,105.47. *Id.*

## APPLICATION FOR ATTORNEY FEES

**Attorney Fees.** A prevailing plaintiff in an action to enforce the Religious Land Use & Institutionalized Persons Act ("RLUIPA") is usually entitled to recover attorney fees. *See Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009); *see also* 42 U.S.C. § 1988. A litigant should be considered a prevailing party entitled to attorney fees when he "has obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *Odneal v. Pierce*, 2011 WL 2678940, at *2 (S.D. Tex. 2011). Plaintiffs prevailed in this case, obtaining a permanent injunction against Defendant from enforcing its grooming policy against Plaintiffs with respect to the growing of hair without restriction. Dkt. 325.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(d)(3), limits the hourly rate for attorney fees that are recoverable under RLUPIA to 150% of the rate set by the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A. For the time period of March 23, 2018 to February 14, 2019, 150% of the CJA rate is $210 per hour. CJA § 230.16. For the applicable period before March 23, 2018, 150% of the CJA rates is $198. *Id.*

These rates are at or below rates charged by attorneys for this type of litigation in this District and Division. And these rates are well below those typically charged to Yetter Coleman clients for the services of Robert Ellis and Steven Messer. Messer Decl. ¶4. Messrs. Ellis and Messer billed a total of 553.2 hours on this case. *Id.* ¶5 and Ex. 2. Plaintiffs voluntarily removed excess and duplicative time entries. *Id.* ¶5. To further avoid excess and duplicative work, Plaintiffs reduced the total amount of hours they seek by 5%. Based on the capped hourly rates, voluntary reductions, and hours worked, the total amount of attorney fees Plaintiffs seek is $109,951.10. *Id.* ¶¶5-6.

**Paralegal Time.** As part of a request for fees, a prevailing plaintiff may also recover for paralegal time. *See Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). Paralegals Steven Vacek and Pamela Wofford are experienced paralegals who worked a total of 207 hours on this case. Messer Decl. ¶7 and Ex. 3. Their time is billed to clients at $260 an hour for 2018, and $275 for 2019. *Id*. ¶7. Plaintiffs have voluntarily discounted their hourly rate for this case to $85 an hour. *Id*. This hourly rate is at or below the rate typically charged for paralegal services. *Id*. Based on their discounted hourly rates and hours worked, Plaintiffs seek a total of $17,595.00 for paralegal time. *Id*.

**Expert Fees.** The recoverable attorney fees may include the cost of experts. *See* 42 U.S.C. §1988(c). "The Court may award the prevailing party its reasonable attorneys fees to enforce any provision of RLUIPA, 42 U.S.C. §1988(b), and may include expert witness fees in its award of attorney fees." *Jackson v. Dep't of Correction*, 2006 WL 2560318, at *7 (Mass. Super. 2006). *See also Anselmo v. Cty. of Shasta, Cal.*, 2013 WL 3773893, at *1 (E.D. Cal. 2013) (noting that §1988(c) provides for the award of expert witness fees to a prevailing plaintiff in a RLUIPA action).

Plaintiffs employed Joan Palmateer as an expert witness. She is a corrections professional with over 32 years of experience. Dkt. 322 at 5-6. Her testimony was essential to development of Plaintiffs' case, Messer Decl. ¶8, and her testimony at trial was found to be "highly credible and authoritative" by the court. Dkt. 322 at 6. Her services included developing a case strategy, preparing for her deposition and being deposed, preparing for trial, and testifying at trial. Messer Decl. ¶8. She charged $100/hour for her services, which is well below the rate typically charged by expert witnesses of comparable experience. *Id*. ¶8 and Exs 4, 5. She also charged reasonable amounts for travel and lodging for her deposition in Houston and her appearance at trial. *Id*. The total cost of expert fees for expert Palmateer is $17,268.68. *Id*. ¶8.

**Travel Expenses.** Travel expenses are recoverable as attorney fees. *See Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). Plaintiff counsel incurred travel costs for trial, which are primarily composed of costs for lodging. Messer Decl. ¶9 and Ex. 4. The total of these travel costs is $3,752.35. *Id*. ¶9.

### PRAYER

For these reasons, Plaintiffs respectfully request this Court award Plaintiffs their reasonable fees and allowable costs, as follows:

1. Total Costs of $9,803.19: $811.20 in transcript costs; $1,886.52 in printing costs; and $7,105.47 in deposition transcript costs;

2. Total Attorney Fees of $148,567.10: $109,951.10 in attorney fees; $17,595.00 in paralegal fees; $17,268.68 in expert fees; and $3,752.35 in travel costs; and

3. All other relief that the Court considers fair and proper.

Dated this 26th day of March, 2019.   Respectfully submitted,

YETTER COLEMAN LLP

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
S.D. Bar No. 3639
Steven C. Messer
Texas State Bar No. 24092829
S.D. Bar No. 2489458
811 Main, Suite 4100
Houston, TX 77002
713.632.8000
713.632.8002 (F)
pyetter@yettercoleman.com
smesser@yettercoleman.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

      Before filing this motion, counsel for Plaintiffs conferred with counsel for Defendant about the various types and amounts of costs and fees sought in this motion and provided counsel for Defendant with records supporting such costs and fees.  Counsel for Defendant has indicated that Defendant is not yet able to determine whether or not Defendant is opposed to the relief sought in this motion, but will file a response clarifying Defendant's position.

                                            /s/ Steven C. Messer
                                            Steven C. Messer

## CERTIFICATE OF SERVICE

      I certify that on the 26th day of March, 2019, a copy of this document was served on all counsel of record through the Court's Electronic Case Filing system.

                                            /s/ Steven C. Messer
                                            Steven C. Messer